### REISLER v. COHEN et al.

(Supreme Court, Appellate Term.    March 10, 1910.)

ASSIGNMENTS (§ 134*)—BUILDING CONTRACTS—ACTION BY ASSIGNEE.

Where a building contract provided that the contractor should not assign his interest in the contract, or any right therein, without the written consent of the owner, an assignee of the contractor's right to be paid money under the contract must, to recover, show that the assignment was made with the consent of the owner.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 134.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Nathan Reisler against Louis S. Cohen and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Goetz & Goetz (Maurice B. Rich, of counsel), for appellants.
Joseph Wilkenfeld, for respondent.

PER CURIAM. The action was brought by plaintiff to recover the amount of an order drawn by one Max Cohn, a contractor, on Cohen &

Kranz, the owners of certain premises in Brooklyn, upon which said Cohn had, under a building contract, performed certain work. The action is against said Cohen & Kranz and against the sureties on the undertaking to discharge the lien of said order. The evidence showed a substantial performance of the terms of the contract, sufficient to justify the finding of the jury in favor of the plaintiff in that regard.

The appellant contends, however, that plaintiff cannot recover as assignee of Cohn, inasmuch as the contract provides that the contractor, Max Cohn, "shall not assign or transfer his interest in the contract, or any right thereunder, without the written consent thereto of Cohen & Kranz first procured." It is conceded on the record that the contract was assigned to plaintiff. No evidence was offered of any consent by Cohen & Kranz, and the defendants pleaded as an affirmative defense that the assignment was made without such consent. If plaintiff has any standing in court, it is as assignee of Cohn's right to be paid certain moneys under the contract, and the failure of the plaintiff or his assignor to obtain the consent of Cohen & Krantz to such assignment would seem to be fatal to plaintiff's right of recovery.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.